# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
### CHARLETSON DIVISION

| | |
|---|---|
| The Estate of Sonny Brower, Deceased, by his duly appointed Personal Representative, Debra O'Brien, and on behalf of the Wrongful Death Beneficiaries,<br><br>           Plaintiff,<br>  v.<br><br>Charleston County, Charleston County Sheriff's Office, Kristin Graziano, in her official capacity as the Sheriff of Charleston County and Alan Michael Kendall,<br><br>           Defendant. | Case No. 2:23-216-RMG<br><br>**ORDER AND OPINION** |

This matter comes before the Court on Plaintiff's Motion to Compel. (Dkt. No. 38). Defendant responded in opposition (Dkt. No. 40), and Plaintiff replied (Dkt. No. 41). For the reasons set forth below, the Court grants-in-part and denies-in-part Plaintiff's motion.

## I. Background

This case arises from a car accident that occurred when Defendant Deputy Kendall, responding to 911 call, drove his police vehicle at a high rate of speed into a car driven by Decedent Sonny Brower. The collision took the life of Mr. Brower and his passenger, Sandra Eisner.

Among others, Plaintiff asserts a cause of action for negligent hiring, supervision, and retention against the County, Sheriff Graziano, and Charleston County Sheriff's Office. (Dkt. No. 1-1, ¶¶ 57-65 (Second Cause of Action)).

Plaintiff now moves to compel Defendants Charleston County and Charleston County Sheriff's Office (collectively "the County") to provide the answers sought in Plaintiff's First Interrogatories Nos. 1, 2, 6, 7, 8, 11, and 13; the documents sought in Plaintiff's First Requests

for Production Nos. 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21; and documents sought in Plaintiff's Second Requests for Production. (Dkt. No. 38 at 1). The County objected to many of Plaintiff's initial requests as overly broad, unduly burdensome, vague, and not relevant (*see* Dkt. No. 38-3; 38-4) and did not respond at all to Plaintiff's Second Requests for Production (Dkt. No. 38 at 2). Since the filing of this motion, the County has responded to Plaintiff's Second Requests for Production. (Dkt. No. 40-1). The parties agree that Plaintiff's motion as to Plaintiff's Second Requests for Production is now moot. (Dkt. Nos. 40 at 1; 41 at 1). Plaintiff's motion regarding its initial requests is still in contest.

      The motion has been fully briefed (Dkt. Nos. 38, 40, and 41) and is ripe for the Court's review.

## II. Standard

Parties to civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case ..." FED. R. CIV. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop his or her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment' ".) "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. FED. R. CIV. P. 26(c)(1). The court "must limit the frequency or extent of discovery ... if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).

## III. Discussion

### A. Interrogatory No. 1

> Interrogatory No. 1: Give the names and addresses of persons known to the parties or counsel to have knowledge concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

3

(Dkt. No. 38-1 at 1).

The County identified over 20 witnesses but did not provide addresses for those witnesses. (Dkt. No. 38-3 at 1-6). Instead, the County provided addresses and telephone numbers for the witnesses attorneys. (*Id.*) The County also did not indicate whether or not written or recorded statements were taken from the witnesses. (*Id.*) The County did state for each witness that "[a]ll known recorded statements are produced herewith." (*Id.*)

Plaintiff seeks the witness addresses and an indication whether written or recorded statements have been taken of the witnesses. The County objects to producing the addresses for the witnesses by arguing that the information is irrelevant to the case and is sensitive personal information of law enforcement officers. The County argues that producing such information would produce an unnecessary and unreasonable risk to these officers and that Plaintiff can contact the witnesses through their attorneys. The County also asserts that all known information and statements have been provided in its initial responses and that there is nothing more for the Plaintiff to obtain.

Federal Rule of Civil Procedure 26(a) requires a party to voluntarily disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1). "Numerous courts have held that this obligation is satisfied only by producing individual addresses for individual witnesses; disclosure of an attorney's address or an employer's address is not sufficient." *Hartman v. Am. Red Cross,* No. 09–1302, 2010 WL 1882002, at *1 (C.D.Ill. May 11, 2010) (where defendant had voluntarily provided contact information for some employees, court ordered production of address and phone numbers for managers and supervisors under Rule

4

26(a) finding that "hypothetical concern, [that plaintiff's counsel will contact represented persons] does not justify unilateral disregard for the disclosures mandated by Rule 26(a)").

The Court overrules the County's objections to produce the addresses. The information is relevant and not overly broad. Plaintiff is entitled to know the address and phone number of the witnesses not just the address and phone number of the witnesses attorneys.

The Court also overrules Plaintiff's objection to indicating whether or not the witnesses prepared written or recorded statements. The Court finds that whether or not a witness prepared a statement is relevant to Plaintiff's claims and not unduly burdensome. The Court will address the production of witness recordings and statements when analyzing Plaintiff's motion to compel responses to Interrogatory No. 2 and Request for Production Nos. 5 and 17.

Plaintiff's motion to compel as Interrogatory No. 1 is granted. The County shall respond in full to Interrogatory No. 1 within 30 days of this order.

### B. Interrogatory No. 2 and Request for Production Nos. 5 and 17

> Interrogatory No. 2: For each person known to the parties or counsel to have knowledge concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witnesses, or provide a copy of any written or recorded statements taken from such witnesses.

(Dkt. No. 38-1 at 1)

> Request for Production No. 5: Written statements, transcripts of recorded statements, electronic statements and/or notes taken from any conversation with any witness or potential witness concerning the facts or issues of this action."

(*Id.* at 6)

> Request for Production No. 17: Copies of all statements of all witnesses to the events surrounding the injuries to Plaintiff.

(*Id.* at 9)

The County objected to Request for Production Nos. 5 and 17 "on the grounds it is overly broad and seeks information protected by the attorney client privilege and/or work product doctrine." (Dkt. No. 38-3 at 2, 6). The County further states, in its briefing, that "all known information and statements have been provided" and that "[t]here is nothing more for the Plaintiff to obtain." (Dkt. No. 40 at 2).

Plaintiff does not identify with any specificity what kind of statements it seeks to discover or if it seeks to discover a particular witness's statement. Plaintiff argues that it does not know what recorded statements and materials are withheld because the County has not produced a privilege log. (Dkt. No. 41 at 4).

The work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. Rule 26(b)(3) provides in pertinent part that

> a party may obtain discovery of documents . . . prepared in anticipation of litigation . . . by . . . another party . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means.

Fed. R. Civ. P. 26(b)(3).

The Court currently does not have enough information to determine whether Plaintiff has a "substantial need" for and entitled to the statements. The Court orders the County to produce to Plaintiff a privilege log describing the documents it's withholding under the attorney-client privilege and/or work product doctrine. The log should contain sufficient facts to demonstrate why that document is protected from discovery.

While the Court currently declines to rule on the production of any particular witness statements, it notes that the Fourth Circuit has recognized the special value of contemporaneous statements. *See Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45, 50 (4th Cir.1963) (citation omitted).

6

When considering whether a party has a substantial need for statements taken immediately after an accident, the Fourth Circuit has observed:

> Statements of either the parties or witnesses taken immediately after the accident and involving a material issue in an action arising out of that accident, constitute "unique catalysts in the search for truth" in the judicial process; and where the party seeking the discovery was disabled from making his own investigation at the time, there is sufficient showing under the amended Rule to warrant discovery.

*National Union Fire Ins. Co. v. Murray Sheet Metal Co.,* 967 F.2d 980, 985 (4th Cir.1992) (quoting *McDougall v. Dunn,* 468 F.2d 468, 474 (4th Cir.1972)). An account of an event given when fresh in the mind of the speaker is universally held to be more reliable than an account provided after the passage of time. For that reason, courts have widely found good cause to compel the disclosure of a witness statement made at the time of the accident; particularly, if the party seeking the statement did not have an opportunity to question the witness until weeks or months later. *McDougall v. Dunn,* 468 F.2d 468, 474 (4th Cir.1972); *Coogan v. Cornet Transp. Co., Inc.,* 199 F.R.D. 166, 167 (D.Md.2001); *see, also,* 6 Moore's Federal Practice § 26.70[5][c] (Matthew Bender 3d ed.) (Contemporaneous statements "are unique in that they provide an immediate impression of the facts. A lapse of time itself may make it impossible to obtain a substantial equivalent of the material"). Statements taken within one week of an accident have generally been considered sufficiently close in time to qualify as "contemporaneous." *Bryant v. Trucking,* Case No. 4:11–cv–2254–RBH, 2012 WL 162409, *4 (D.S.C. Jan. 18, 2012).

Accordingly, the County should consider the timeliness of any statement it seeks to protect by attorney-client privilege or the work product doctrine.

Plaintiff's motion to compel as to Interrogatory No. 2 and Request for Production Nos. 5 and 17 is denied without prejudice. The County shall produce a privilege log to Plaintiff's within 30 days of this order.

### C. Interrogatory Nos. 6, 7, and 8 and Request for Production No. 18

> Interrogatory No. 6: List by date any prior collisions involving any CCSO employees for the last ten (10) years and indicate the name of the CCSO employee involved.

(Dkt. No. 38-1 at 3).

> Interrogatory No. 7: Describe any and all claims that have been asserted against CCSO at any time in the past ten (10) years for collisions where excessive speed of official vehicles was discovered, alleged or involved. For each such claim pleas state the date of the collision, the name of the CCSO employee alleged to have caused the collision, the name of the person alleged to have been injured, a description of the collision, the top speed of the CCSO vehicle around the time of the collision, the speed of the CCSO vehicle at the time of the collision, the speed limit at the location of the collision, the injuries claimed, the outcome of the case, whether the CCSO employee was responding to a call and if so, the nature of the call and code of the response, and what if any disciplinary action was taken against the CCSO employee(s) involved.

(*Id.* at 4).

> Interrogatory 8: Describe any and all state or federal actions or lawsuits that have been undertaken against CCSO at any time in the past ten (10) years regarding collisions where excessive speed of official vehicles was discovered, alleged or involved. For each such action, please state the parties of the case, the city, county and state in which the case was filed, the date the case was field the name of all counsel of record and the outcome of the case.

(*Id.*)

> Request for Production No. 18: Copy of all documents reflecting any and all complaints, accidents, injuries, claims or lawsuits regarding personal injuries occasioned form the use of a vehicle by anyone employed at or by this(ese) Defendant(s) from January 1, 2010 to present.

(*Id.* at 8).

The County objects to these requests as overly broad in scope, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (Dkt. No. 40 at 2-3). The County states that complying with these requests would require it to manually search through every incident report for the past ten years and that many of the records would be maintained in only physical form. (*Id.* at 3). The County also argues that collision is overly broad in that it would include "fender benders" and "instances of inadvertent backing into light poles and the like." (*Id.*)

Plaintiff argues that this information is relevant to its claim for negligent hiring, training, supervision, and retention against the County because it provides the circumstances upon which the County's employment decisions were made. (Dkt. No. 38 at 9).

"Defendant may not excuse itself from compliance with [discovery] ... by utilizing a system or record-keeping which conceals rather than discloses relevant records, or makes it more difficult to identify or locate them, thus rendering the production of documents an excessively burdensome or costly expedition." *Ashmore v. Allied Energy, Inc.*, 2016 WL 2898007, at *4 (D.S.C. May 18, 2016) (quoting *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976)). Because parties choose their own record-keeping system to access information in the ordinary course of business, they should be held responsible for difficulties encountered in producing the same information in discovery. *Stout v. Wolff Shoe Co.*, 2007 WL 1034998, at *2–3 (D.S.C. Mar. 31, 2007); *Columbia Chems. Co. v. AIG Specialty Ins. Co.*, 2015 WL 12755711, at *5 (N.D. W. Va. Sept. 18, 2015) (holding that the corporate defendant could not "shirk its discovery obligations because the filing system it created makes finding documents an arduous task"). Moreover, the Court finds that past similar incidents are relevant to the County's

notice of any deficiencies in its training procedures and therefore relevant to Plaintiff's negligent training and supervision claims.

Accordingly, Plaintiff's motion to compel as to Interrogatory Nos. 6, 7, and 8, and Request for Production No, 18 is granted. The County shall respond fully to these discovery requests within 30 days of this order.

### D. Interrogatory No. 11

> Interrogatory No. 11: Describe with particularly the complete factual basis for your affirmative defenses.

(Dkt. No. 38-1 at 3).

The County argues that it is not required to provide Plaintiff with a narrative and complete factual basis for its affirmative defenses because discovery is ongoing and defenses are pled to provide notice, which is a lower pleading standard.

Plaintiff argues that the interrogatory is not premature because the case has been pending for over a year and discovery is set to end about six weeks.

The Court reviewed the answer in this case and Defendant's response to Interrogatory No. 11 and finds that at this stage the County needs to provide sufficient factual support to ensure that Plaintiff has fair notice of the factual basis for each affirmative defense.

Accordingly, Plaintiff's motion to compel as to Interrogatory No. 11 is granted. Defendant shall fully respond to Interrogatory No. 11 within 30 days of this Order.

### E. Interrogatory No. 13

> Interrogatory No. 13: Please provide the exact date when legal counsel was retained regarding this matter.

(Dkt. No. 38-1 at 4).

The County, in its response, stated that counsel was retained the day after the accident at

issue, January 4, 2021. (Dkt. No. 40 at 3). Accordingly, Plaintiff's motion to compel as to Interrogatory No. 13 is denied as moot.

### F. Request for Production Nos. 6, 7, & 12

> Request for Production No. 6: All accident, incident or investigative reports prepared, filed or requested by Defendants concerning the subject incident, including all notes, memoranda, photographs or other documents or electronic data relating thereto.

(Dkt. No. 38-3 at 12).

> Requests for Production No. 7: All accident, investigative reports that relate in any way to the allegations in Plaintiff's Complaint.

(*Id.*)

> Requests for Production No. 12: Any files, documents and/or tangible items that in any way relate to the investigation and/or review of the incident alleged in the Complaint.

(*Id.* at 13).

The County, in its response, stated that "all known information has been provided" and that "[t]here is nothing more for the Plaintiff to obtain" regarding these requests for production. (Dkt. No. 40 at 2). In its initial response to Plaintiff's discovery request, the County did produce documents responsive to each of these requests. Plaintiff did not refute Plaintiff's claim in its reply.

Accordingly, Plaintiff's motion to compel as to Request for Production Nos. 6, 7, & 12 is denied as moot. Defendant is ordered to supplement its response to these requests and certify that all known information has been produced.

**G.  Request for Production No. 8**

> Request for Production No. 8: A copy of the declaration sheet/page and complete policy of liability insurance policy of Defendant(s). This would include any primary policy of insurance, any self-insured retention coverage and any excess or umbrella coverage and all endorsements or attachments thereto, including copies of any letters of assessment of additional premiums or monies for a period of five years prior to the date of this request. Additionally, this would include all insurance agreements and/or policies, in their entirely, which afford protection to any Defendant, for acts and omissions set forth by Plaintiff in the above entitled and number case including, but not limited to, primary, umbrella and excess policies which may obligate any respective insurance company to satisfy part of all the judgement which may be rendered in an action against this Defendant arising out of the acts or omissions of any such member or employee of any Defendant.

(Dkt. No. 38-1 at 3).

In its response, the County indicated that it would respond to this Request for Production and provide Plaintiff with a copy of the applicable insurance declarations page. (Dkt. No. 40 at 1).

Accordingly, Plaintiff's motion to compel as to Requests for Production No. 8 is denied as moot.

**H.  Requests for Production Nos. 9, 10, and 11**

> Request for Production No. 9: A copy of Defendant's liability insurance company's file pertaining to the matters described in the Complaint, including but not limited to, investigation of the incident, interview with witnesses, any evaluation of liability or damages, along with any other materials evaluated and stored through any computer evaluation programs through the date of filing suit (December 9, 2022). All forms of data are to be included whether in hard copy, electronic, photographic or any other form as it relates in any way to the adjustment of the claim of the Plaintiff. This will include all documents and/or items of any kind created/obtained up to the date the lawsuit was filed in this matter.

(Dkt. No. 38-1 at 7).

> Request for Production No. 10: Any and all documents, electronic

> or otherwise, created or modified by any adjuster who handled, supervised, or participated in any coverage decisions with respect to the Policy prior to commencement of this action.

(*Id.*)

> Request for Production No. 11: Copies of all documents relating in any way to any communications with adjusters prior to commencement of this action regarding the Policy and/or Plaintiff's claims as a result of the matters alleged in the Complaint.

(*Id.* at 8).

Defendant objects to these requests on the grounds of attorney client privilege and/or work product doctrine. (Dkt. No. 38-3 at 13-14).

Federal courts have been "reluctant to afford work product protection to claims files when the insurance company investigates [a] claim, rather than retained counsel, since the routine and ordinary course of business of an insurance company includes claims investigations." *Gioioso v. Thoroughgood's Transp. LLC*, No. CV ADC-16-3841, 2017 WL 3726028, at *3 (D. Md. Aug. 28, 2017) (quoting *Lamar Advert. of S.D., Inc. v. Kay*, 267 F.R.D. 568. 577 (D.S.D. 2010)). Nonetheless, when the insurance company's primary purpose in creating a particular document is the anticipation of litigation, work product protection attaches to that document. Given the routine investigative duties of insurance adjusters, the question of whether a particular document was prepared in anticipation of litigation is more complicated and requires a "case-by-case analysis, considering the unique factual context of the given problem" *Id.* (quoting *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, 297 F.R.D. 611, 618 (D. Kan. 2014)).

The Court does not have enough information to make the required case-by-case analysis of the insurance adjuster's documents. The Court, therefore, orders the parties to meet and confer regarding these Requests for Production. The County shall produce any documents that the

insurance company made in their ordinary course of investigation. For any documents, the County believes is protected by the work product doctrine, the County shall provide Plaintiff's with a privilege log detailing those documents.

Plaintiff's motion to compel as to Requests for Production Nos. 9, 10, and 11 is denied without prejudice.

### I. Request for Production Nos. 15 and 16

> Request for Production No. 15: All Reviews or Safety Reviews of this Defendant performed by any city, county, state or federal governmental agency from January 1, 2010 until present regarding the use of official vehicles.

(Dkt. No. 38-1 at 8).

> Request for Production No. 16: All Risk Management Guidelines provided to any Defendant by any insurance carrier or other entity from January 1, 2010 to present.

(*Id.* at 8).

The County objects to these requests as overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence. (Dkt. No. 40 at 4). The County further states that it would be unduly burdensome on the County and require laborious review of materials. (*Id.*)

The Court finds that these reviews are relevant to the County's notice of any deficiencies in its training procedures and therefore relevant to Plaintiff's negligent training and supervision claims.

Accordingly, Plaintiff's motion to compel as to Request for Production Nos. 15 and 16 is granted. The Court, however, narrows the temporal scope of the requests to January 1, 2019 to present. The County is ordered to produce responsive documents within 30 days of this Order.

**J. Request for Production No. 19 and 21**

> Request for Production No. 19: Any and all policies, procedures, handbooks, protocols, administrative guidelines, or management objectives that apply to Charleston County Deputies. (Plaintiff is specifically requesting the entire set of policies and procedures that pertain to Allen Michael Kendall as Deputy Sheriff).

(Dkt. No. 38-1 at 9).

> Request for Production No. 21: Any and all videotapes, audiotapes, presentations, manuals, hand-outs, memoranda or other materials used by Defendants with regard to the training of Allen Michael Kendall.

(*Id.* at 10).

The County objects to these requests as overly broad in scope and not reasonably calculated to lead to the discovery of admissible evidence. (Dkt. No. 40 at 4). The County further states that it would be unduly burdensome on the County. (*Id.*)

The Court finds that this information is relevant to the County's notice of any deficiencies in its training procedures and therefore relevant to Plaintiff's negligent training and supervision claims.

Accordingly, Plaintiff's motion to compel as to Request for Production Nos. 19 and 21 is granted. The County is ordered to fully respond and produce responsive documents within 30 days of this Order.

**I. Conclusion**

As set forth above, the Court grants-in-part and denies-in-part Plaintiff's Motion to Compel (Dkt. No. 38). The parties shall comply with the directives outlined above within 30 days of this Order.

_s/Richard Mark Gergel_____
Richard Mark Gergel
United States District Judge

February 9, 2024
Charleston, South Carolina

16